THE STATE OF OHIO, APPELLEE, *v.* BRONAUGH, APPELLANT.

(No. C-790607—Decided June 25, 1980.)

*Mr. Simon L. Leis, Jr.,* prosecuting attorney, *Mr. Timothy J. Deardorff* and *Mr. Leo H. Hildebrandt, Jr.,* for appellee.

*Mr. Denis G. Holtmeier,* for appellant.

*Per Curiam.* This cause came on to be heard upon an appeal from the Court of Common Pleas of Hamilton County.

The appeal arises from the conviction of defendant-appellant, Caleb Bronaugh, for obstructing justice in violation of R. C. 2921.32. Appellant alleges in his sole assignment of error that the trial court erred to his prejudice in failing to grant his Crim. R. 29 motion for judgment of acquittal made at the conclusion of the state's case. Trial was had to the court, appellant's right to a jury trial having been waived.

A motion for judgment of acquittal is to be granted if reasonable minds could not conclude from the evidence presented that each material element of the crime has been proven beyond a reasonable doubt. See *State* v. *Bridgeman* (1978), 55 Ohio St. 2d 261. Having reviewed the record, we find that the state did not present a *prima facie* case as to all elements of the crime of obstructing justice.

The state's evidence established that the Cincinnati police had been observing a building because they had received information that there was drug trafficking on the third floor of that building. Two police officers saw appellant enter the building. They followed him and watched as he went up to the third floor. They observed him talking to someone at the door of an apartment. He then handed that person some money and apparently received some pills in exchange. He placed these in

a cigarette package. When he descended the stairs, the police identified themselves and asked him to be quiet. Appellant turned around and shouted up the steps something to the effect of: "Police. It's a raid." He then took what the officers had concluded were pills out of the cigarette package and placed them in his mouth. The police were unsuccessful in their attempt to prevent him from swallowing what was in his mouth.

One police officer went to the apartment and forced his way in. On hearing some loud noises from the apartment, the other officer ran to the rear of the building to attempt to prevent any escape down the back stairs; he observed four men running down the alley, but was able to arrest only one. That person was not an occupant of the apartment.

After searching the apartment, the police discovered one young girl, also not an occupant of the apartment, and a variety of pills. None of these pills were analyzed. Upon questioning by the police, appellant stated that he had bought "four and one," which the police interpreted as meaning four Valium tablets and one Pyribenzamine tablet.

The statute on obstructing justice, R. C. 2921.32, reads, in pertinent part, as follows:

"(A) No person, with purpose to hinder the discovery, apprehension, prosecution, conviction, or punishment of another for crime, or to assist another to benefit from the commission of a crime, shall do any of the following:

" * * *

"(3) Warn such other person of impending discovery or apprehension[.]"

Appellant was indicted for warning "John Doe of impending discovery or apprehension" "with purpose to hinder the discovery, apprehension, prosecution, conviction or punishment of John Doe for a felony, to wit: trafficking." The crime of obstructing justice cannot be committed without the commission of an underlying crime by another, here the crime of trafficking in drugs (see R. C. 2925.03). Therefore, it was incumbent upon the state to establish that the underlying crime had been committed. While the police in this case may well have had grounds to suspect that a crime had been committed, there was no proof of such crime. It was never established that the pills which appellant bought were, in fact, controlled substances. Appellant's statement to the police that he bought

"four and one" is not probative evidence. He had no firsthand knowledge of the contents of the pills he had purchased. He may well have been sold aspirin.

There being no proof that the underlying crime of trafficking in drugs occurred, appellant's motion for judgment of acquittal on the obstructing justice charge should have been granted. The assignment of error is well taken. The judgment of the court below is reversed and appellant discharged.

*Judgment reversed.*

BETTMAN, P. J., SHANNON and CASTLE, JJ., concur.