DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Robert Kolvek, appeals from his criminal conviction rendered by a jury and entered into judgment by the Summit County Court of Common Pleas. We affirm.
 I. {¶ 2} On May, 10, 2004, the Akron Police stopped a vehicle driven by Appellant.[1] Records checks indicated that the plates on the vehicle were stolen and that Appellant did not possess a valid driver's license. The arresting officer handcuffed Appellant, and then removed Appellant's wallet from Appellant's pocket. Upon doing so, the officer discovered two folded pieces of paper containing a substance which Appellant declared to be methamphetamine ("meth"); this was confirmed by a field test. Located within the vehicle was apparatus which could be used to manufacture meth: a fan; jars of various liquids; coffee filters; rock salt; brake cleaner, glassware; and tubing. Appellant admitted that the apparatus constituted a meth lab and it had been in his possession for twenty-four hours. Appellant stated that he took possession of the lab as a favor to his friend, Lisa Hart, because she had been arrested for drug possession. Appellant said that Hart's sister had called him and asked him to remove the lab so the police would not find it and Hart would not get into trouble. Appellant also declared that he had used drugs for two years and had helped Hart in manufacturing meth in exchange for drugs and money.
 {¶ 3} A narcotics specialist from the police department went to the scene and testified at trial regarding the equipment found in the vehicle. His testimony indicated that the objects found were typically used in a meth lab and showed signs of recent use in that fumes were still being emitted. He also testified regarding Lisa Hart's arrest and the equipment found at her house; he stated that the cut end of the tubing in Appellant's car matched the cut end of the tubing in Hart's house, indicating that the pieces had once been part of the same lab.
 {¶ 4} Appellant's girlfriend, present in the car at the time of the traffic stop, testified at trial that they were removing the lab from Hart's house and Appellant was paid in drugs to do so.
 {¶ 5} Appellant's indictment was for: the illegal manufacture of drugs in violation of R.C. 2925.04(A), a felony of the second degree; obstructing justice in violation of R.C. 2921.32(A)(3), a felony of the third degree; aggravated possession of drugs in violation of R.C. 2925.11, a felony of the fifth degree; receiving stolen property in violation of R.C. 2913.51(A), a felony of the fifth degree; driving under suspension in violation of R.C. 4507.02, a misdemeanor of the first degree, and illegal use or possession of drug paraphernalia in violation of R.C.2925.14(C)(1), a misdemeanor of the fourth degree. Prior to trial, the trial court amended the indictment to include a charge of illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.041, a felony of the third degree. A jury convicted Appellant on all charges except the violation of R.C. 2925.04(A), illegal manufacture of drugs. Appellant filed this appeal raising five assignments of error.
 II. Assignment of Error No. 1
"The trial court erred by denying appellant's Crim. Rule 29 motion as the state failed to meet its burden of proof as there was insufficient evidence to convict appellant and the verdict of the jury was against the manifest weight of the evidence."
 {¶ 6} In this first assignment of error, Appellant argues that his conviction was against the manifest weight of the evidence, and the evidence was insufficient to convict.
 {¶ 7} As an initial matter, this court notes that the sufficiency and manifest weight of the evidence are legally distinct issues. State v. Manges, 9th Dist. No. 01CA007850, 2002-Ohio-3193, at ¶ 23, citing State v. Thompkins (1997),78 Ohio St.3d 380, 386. Sufficiency tests whether the prosecution has met its burden of production at trial, whereas a manifest weight challenge questions whether the prosecution has met its burden of persuasion. Manges, at P25.
 {¶ 8} In reviewing sufficiency, an appellate court must "examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt." State v. Jenks
(1991), 61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 9} In reviewing whether a conviction is against the manifest weight of the evidence, this court must:
"[R]eview the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339,340.
 {¶ 10} Only in the exceptional case, where the evidence presented weighs heavily in favor of the defendant, will the appellate court reverse and order a new trial. Id.
 {¶ 11} "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency. Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted). State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at 5.
 {¶ 12} Appellant argues that his conviction for obstruction of justice was against the manifest weight of the evidence because the elements of the statute cited require that the state prove that another person, whom Appellant allegedly aided, committed a crime. Likewise, Appellant claims that Appellee failed to prove intent on the charge of Illegal Assembly/Possession of Chemicals for the Manufacture of Drugs.
 {¶ 13} The obstruction of justice statute provides in relevant part:
"(A) No person, with purpose to hinder the discovery, apprehension, prosecution, conviction, or punishment of another for crime or to assist another to benefit from the commission of a crime, * * * shall do any of the following:
" * * *
"(4) Destroy or conceal physical evidence of the crime or act, or induce any person to withhold testimony or information or to elude legal process summoning the person to testify or supply evidence[.]" R.C. 2921.32(A)(4).
 {¶ 14} The crime of obstructing justice cannot be committed without the commission of an underlying crime by another. Statev. Bronaugh (1980), 69 Ohio App.2d 24, 25. Mere suspicion is insufficient; there must be some proof of a crime. Id. Obstructing justice involves commission of an underlying crime by another, which must be proven by means of evidence going beyond the mere statement or allegation that a crime was committed.State v. Logan (1991), 77 Ohio App.3d 333, 336. Nonetheless, it is not required that the crime by another result in a conviction of that other in order to satisfy the requirements of R.C.2921.32. See State v. Abdou (Oct. 23, 1997), 10th Dist. No. 97APA01-73. The state is required only to present evidence proving beyond a reasonable doubt that the other person committed a crime. Id.
 {¶ 15} According to testimony from Officer Hanlan, Appellant,
"claimed Lisa Hart's sister had called [Appellant] and asked him and his [girlfriend] to go to Lisa Hart's and get the lab so Lisa wouldn't get in trouble because they were worried the police were going to get a search warrant for Lisa Hart's house. * * *. [H]e had known Lisa Hart for a few years; that he helped her make meth in the past; that he had been using meth for approximately two years[.]"
 {¶ 16} Officer Hill testified that Appellant:
"made a statement to us that he received a call, and he wanted to aid or help Ms. Hart because she's been arrested, I believe it was two days or a day earlier for herself being in possession of, I believe it was, chemicals, manufacturing of other items, and he wanted to help her out to get it out of her house. * * *. He also stated to us the reason why he did that was she paid him. When he helped her, she paid him and helped pay his bills and support his habit."
 {¶ 17} Officer Payne testified that he was aware that Appellant claimed to have removed the meth lab from Ms. Hart's and "[h]is statement is consistent based upon the items that we found at the Allyn Street address and what was found in his vehicle. The pieces of tubing matched up."
 {¶ 18} Furthermore, Appellant's counsel, in opening arguments, stated that Lisa Hart was arrested and:
"Lisa Hart is the manufacturer. * * *. And * * * the evidence will show that — all it will [show] is when [Appellant's] car got pulled over he had some pieces and parts in his possession, that the police knew it came from Lisa Hart, know that it is Lisa Hart's lab and know he was trying to get rid of it for her."
 {¶ 19} Likewise, in closing argument, Appellant's counsel stated:
"Lisa Hart gets busted. You know, she is in police custody as of the 9th. She is downstairs talking to detectives. She is charged with methamphetamine. * * * Within hours Lisa's sister calls [Appellant]. Knowing her sister's locked up, hey, she has been busted, [she tells Appellant] get the meth out of there, and get the lab out of there now, get rid of the lab so she doesn't get in trouble for it, I will even give you some meth."
 {¶ 20} Besides Appellant's statements to police officers that he was assisting Lisa Hart in concealing her meth lab, it was Appellant's own theory of the case that he was not guilty of possession with intent to manufacture because he was only concealing the lab to help his friend and pusher, Lisa Hart, evade her criminal charges. The state's witnesses presented enough evidence for reasonable minds to draw the conclusion that Lisa Hart committed a crime and Appellant attempted to conceal evidence so that Hart could evade prosecution. Appellant's counsel presented that as his theory of the case on his defense; Appellant cannot complain if the jury believed him.
 {¶ 21} As to Appellant's intent, "[t]he law has long recognized that intent, lying as it does within the privacy of a person's own thoughts, is not susceptible of objective proof."State v. Garner (1995), 74 Ohio St.3d 49, 60. Intent "`can never be proved by the direct testimony of a third person and it need not be. It must be gathered from the surrounding facts and circumstances * * *.'"State v. Lott (1990), 51 Ohio St.3d 160,168, quoting State v. Huffman (1936), 131 Ohio St. 27, paragraph four of the syllabus. Furthermore, when, as in this case, Appellant's argument is based upon a Crim.R. 29 motion for acquittal,[2] the trial court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt.State v. Bridgeman (1978), 55 Ohio St.2d 261, syllabus. Similarly, an appellate court cannot reverse a judgment of a lower court if there is evidence presented, which if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Eley (1978), 56 Ohio St.2d 169, 172.
 {¶ 22} Upon review of the evidence, it is apparent that enough evidence was presented to support the jury's conclusion that Appellant maintained possession of the lab equipment in order to manufacture the drug for himself. There was evidence of Appellant's prolonged dependence upon methamphetamine, his prior arrest for possessing lab equipment, and the fact that he traveled with the lab in his car for twenty four hours. Additionally, Appellant argues that if intent to manufacture were shown, then that is inconsistent with a demonstration of intent to obstruct; Appellant claims that either he possessed the lab to obstruct or he possessed the lab to manufacture and Appellee cannot have it both ways. This argument is without merit. His original intent may have changed as time went on; an addict finding himself in possession of a meth lab for whatever reason may decide to retain possession to satisfy his own demands. Accordingly, this assignment of error is overruled.
 Assignment of Error No. 2
"The trial court erred to the prejudice of appellant in permitting the state to use similar acts evidence over counsel's objections."
 {¶ 23} In his second assignment of error, Appellant argues that the trial court erred in allowing evidence pertaining to prior arrests for possession of methamphetamines and lab equipment. Appellant argues that the prejudicial effect of the evidence outweighs its probative value. Appellant further states that Appellee must prove intent and "[i]t is highly improper to attempt to show Appellant's intent by way of previous conduct."
 {¶ 24} It is axiomatic that the admission and exclusion of evidence rests within the sound discretion of the trial court and such decisions will not reversed on appeal absent an abuse of discretion. State v. Sage (1987), 31 Ohio St.3d 173. Moreover, evidence of other acts is admissible if: (1) substantial proof shows that the defendant committed the alleged other acts, and; (2) the evidence tends to prove motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. State v. Lowe (1994), 69 Ohio St.3d 527; see, also, Evid.R. 404(B); R.C. 2945.59. The other acts need not be similar to the crime charged, but they must tend to show one of the factors listed in Evid.R. 404(B) and R.C. 2945.59. State v.Shedrick (1991), 61 Ohio St.3d 331. Evidence of other acts by a defendant are only admissible when they tend to show one of the matters enumerated in the statute and only when the evidence offered is relevant to prove that the defendant is guilty of the offense in question. State v. Burson (1974), 38 Ohio St.2d 157,158.
 {¶ 25} Contrary to Appellant's assertions, similar acts evidence may, by the clear language of Evid.R. 404 and R.C.2945.59, be admissible to show intent. As that is the case, this court cannot say that the trial court abused its discretion or that the prejudicial effect outweighed the probative value. This assignment of error is overruled.
 Assignment of Error No. 3
"Appellant was denied due process by proceeding to trial on a supplemental indictment that was filed and served upon appellant shortly before trial."
 {¶ 26} Appellant argues that the trial court violated his due process rights by trying him on a count of an indictment filed four days prior to trial, refusing his motion for a continuance or dismissal of the count and, thus, disallowing sufficient time to prepare a defense. Appellee responded that Appellant had never asked for a continuance and Appellant has failed to provide a transcript of the proceeding wherein he moved for a dismissal and, therefore, Appellant has waived this argument.
 {¶ 27} A review of the transcript indicates that Appellant had moved the trial court to dismiss the count at issue at the arraignment held several days prior to the proceeding covered by the transcript. Appellant's counsel references the prior proceeding:
"We renew our motion to dismiss that count of the indictment based on the fact that it was kind of put on late in the game and did not give us a chance to respond or prepare an adequate defense. However, we have had that discussion and the Court made its ruling."
 {¶ 28} No transcript of that prior proceeding where the motion was originally discussed has been provided to this court.
 {¶ 29} If a motion for a continuance was entered, it is not contained in the record. Furthermore, Crim.R. 7 states that an order denying a continuance is not reviewable until after a motion for a new trial has been refused by the trial court; the record does not contain a motion for a new trial. This assignment of error is overruled.
 Assignment of Error No. 4
"The trial court erred by failing to follow the sentencing guidelines."
 {¶ 30} Appellant here argues that two of his convictions, obstructing and illegal assembly or possession of chemicals for the manufacture of drugs, are offenses of similar and allied import, and, therefore, it was error to impose consecutive sentences. Appellant cites R.C. 2941.25, Ohio's allied offense statute, to support this argument, stating that the statute protects against multiple punishments. Appellant argues that it is illogical to convict him for taking the meth lab equipment for purposes of obstructing justice, and then convicting him for taking the meth lab equipment for purposes of manufacturing meth himself. Additionally, Appellant claims that the trial court's consideration of his recidivism violated the sentencing statute because he would no longer be a recidivist drug abuser in the future had the trial court heeded his pleas for help. These arguments lack merit.
 {¶ 31} R.C. 2941.25 provides:
"(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but he defendant may be convicted of only one.
"(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 32} In determining whether two crimes are allied offenses of similar import, the Ohio Supreme Court has held that, with its multiple-count statute, Ohio intends to permit a defendant to be punished for multiple offenses of dissimilar import. State v.Blankenship (1988), 38 Ohio St.3d 116, 117. "If, however, a defendant's actions `can be construed to constitute two or more allied offenses of similar import,' the defendant may be convicted (i.e., found guilty and punished) of only one." (Emphasis sic.) State v. Rance (1999), 85 Ohio St.3d 632, 636; R.C. 2941.25(A). Nonetheless, if a defendant commits offenses of similar import separately or with a separate animus, he may be punished for both. State v. Jones (1997), 78 Ohio St.3d 12,13-14. If the elements of the crimes correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import. Id. at 13; Blankenship, 38 Ohio St.3d at 117. If the elements do not correspond, the offenses are of dissimilar import and the court's inquiry ends and the multiple convictions are permitted.State v. Nixon (Apr. 25, 2001), 9th Dist. Nos. 00CA007638, 00CA007624 at 25, quoting Rance, 85 Ohio St.3d at 636. Moreover, when comparing the elements of the offenses, "the elements should be compared in the statutory abstract" and not according to the facts of the particular case. Rance,85 Ohio St.3d at 636.
 {¶ 33} Appellant was convicted of obstructing justice in violation of R.C. 2921.32(A)(4), and illegal assembly/possession of chemicals for the manufacture of drugs in violation of R.C.2925.041. This court must first determine whether in the abstract, the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, and therefore, the crimes are of similar import. Id., at 637.
 {¶ 34} The elements of obstructing justice are: (1) no person, with purpose to hinder the discovery, apprehension, prosecution, conviction or punishment; (2) of another for crime, or to assist another to benefit from the commission of a crime; (3) shall destroy or conceal physical evidence of the crime, or; (4) induce any person to withhold testimony or information, or; (5) to elude legal process summoning him to testify or supply evidence. R.C. 2921.32(A)(4).
 {¶ 35} The elements for illegal assembly/possession of chemicals for the manufacture of drugs are: (1) no person shall knowingly; (2) assemble or possess one or more chemicals; (3) that may be used to manufacture a controlled substance in schedule I or II; (4) with the intent; (5) to manufacture; (6) a controlled substance in schedule I or II.
 {¶ 36} In the abstract these two statutory offenses do not have elements which correspond to such a degree that the commission of one crime will result in the commission of the other. The statute for obstruction is silent on the assembly or possession of chemicals with the intent to manufacture a controlled substance, and vice versa. The violation of one statute does not result in the violation of the other. They are separate crimes composed of non-corresponding elements and therefore Appellant's argument on this point fails. In the first assignment of error, we have dealt with Appellant's argument regarding the logic of imposing the both charges under these facts, and so do not address the argument anew.
 {¶ 37} Appellant's remaining argument, that the court should not have considered his recidivism in his sentencing, likewise fails.
 {¶ 38} Pursuant to R.C. 2953.08(G)(2), an appellate court reviews a trial court's imposition of sentence under the clear and convincing standard of review, asking if the trial court clearly and convincingly acted contrary to law or the record. Clear and convincing evidence is evidence that "will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." Cincinnati Bar Assn. v.Massengale (1991), 58 Ohio St.3d 121, 122, quoting Cross v.Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 39} When sentencing a felony offender, a trial court must consider the overriding purposes of felony sentencing, which are namely to protect the public from future crime and to punish the offender. R.C. 2929.11(A); State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165, at ¶ 11. The trial court must impose a felony sentence that is reasonably calculated to achieve these goals yet is "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). "The trial court must consider the factors found in R.C. 2929.12(B) and (C) to determine how to accomplish the purposes embraced in R.C. 2929.11." Comer,2003-Ohio-4165, at ¶ 13.
 {¶ 40} The sentencing statute, R.C. 2929.12, provides a list of items for consideration on the issues of severity and recidivism. In particular, R.C. 2929.12(D) and (E) relate to the likelihood of the offender's recidivism; they state in part:
"(D) The sentencing court shall consider * * *:
"(1) At the time of committing the offense, the offender was under release from confinement before trial or sentencing * * * or under post-release control[.]
" * * *
"(E) The sentencing court shall consider * * * factors indicating that the offender is not likely to commit future crimes:
" * * *
"(2) Prior to committing the offense, the offender had not been convicted or pleaded guilty to a criminal offense.
"(3) Prior to committing the offense, the offender had led a law-abiding life for a significant number of years.
"(4) The offense was committed under circumstances not likely to recur."
 {¶ 41} As noted earlier, Appellant has demonstrated past problems with his drug habit and had charges pending from other arrests when he was arrested in this case. That Appellant could be rehabilitated through intervention is supposition which Appellant did not convincingly demonstrate and the trial court is not required to test. Accordingly, this assignment of error is overruled.
 Assignment of Error No. 5
"Appellant was not brought to trial within ohio's `Speedy Trial' statute, and therefore, should have been discharged."
 {¶ 42} In his final assignment of error, Appellant argues that, having been arrested on May 10, 2003 and tried on August 14, 2003, the State violated his statutory right to a speedy trial. Without addressing the merits, we find that Appellant has waived this argument.
 {¶ 43} A person charged with a felony shall be brought to trial within two hundred seventy days, or ninety days if incarcerated, after that person's arrest. R.C. 2945.71(C)(2), (E). The issue of speedy trial must be raised "[u]pon motion made at or prior to the commencement of trial, * * * if [the defendant] is not brought to trial within the time required by section 2945.71 and 2945.72 of the Revised Code." R.C.2945.73(B); State v. Stemen (June 28, 2000), 3rd Dist. No. 15-99-01. "Therefore, the right to a speedy trial must be asserted in a timely fashion or the issue is waived on appeal." Id., citing State v. Trummer (1996), 114 Ohio App.3d 456,470-471. A defendant may not raise for the first time the issue of the denial of a speedy trial in an appellate court. State v.Baldauf (1990), 67 Ohio App.3d 190, 197. Generally, an appellate court will not consider an error which could have been, but was not, called to the attention of the trial court. State v.Hamlett, 5th Dist. No. 03CA34, 2004-Ohio-38, at ¶ 7. See, also,State v. Townsend (Feb. 4, 2000), 3rd Dist. No. 5-99-47.
 {¶ 44} The record does not indicate that the issue of speedy trial was raised to the trial court. Accordingly, Appellant has waived the issue on appeal and this assignment of error is overruled.
 III. {¶ 45} Appellant's five assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Whitmore, P.J., Batchelder, J., concur.
[1] Appellant was previously arrested on February 22, 2003, and March 26, 2003, and charged with, among other things, possession of drugs. Those charges were pending at the time of his arrest in this case on May 10, 2003. As a result of those arrests, Appellant was convicted. On March 31, 2004, and May 19, 2004, this court filed opinions affirming those criminal convictions.
[2] The Crim.R. 29 motion was made pertaining to the intent to manufacture and not for the obstructing charge.