OPINION
{¶ 1} Appellant appeals her conviction of obstructing official business by a jury in the Mansfield Municipal Court.
{¶ 2} Appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
{¶ 3} On March 7, 2004, Patricia Fisher was arrested for obstructing justice in Mansfield, Ohio. The facts leading up to said arrest are as follows:
{¶ 4} On March 7, 2004, Mansfield Police Officers Gillis and Hicks and probation Officer Grimes were looking for David Fisher on a probation violation for escape from the Crossroads halfway house. Officer Grimes first went to the residence of the mother of David Fisher who informed her that David Fisher was with his wife and another person by the name of Kennedy. (T. at 100-110). The police then went to the residence where Patricia Fisher, the wife of David Fisher, was staying, to inquire as to whether he was at the house or if she knew his whereabouts. Patricia Fisher stated that David Fisher was not at the house, that he was at the halfway house. (T. at 106). Upon being informed that he had absconded, she denied having seen him and stated that she did not know where he was. Id. The officers then obtained the consent of the man who actually rented the apartment, one Jeff Mercurio, and began a search of same. Id. As a result of their search, the officers located David Fisher hiding in the basement in a large wooden trunk-type box. David Fisher was then arrested for a probation violation and also charged with resisting arrest. Patricia Fisher was arrested and incarcerated on a felony charge of obstructing justice.
{¶ 5} The Richland County Grand Jury indicted Appellant on one count of obstructing justice, in violation of R.C. § 2921.32(A)(1), an F5, finding that she acted "with purpose to hinder the discovery, apprehension, prosecution, conviction or punishment of another for a crime, did harbor or conceal another."
{¶ 6} On August 26, 2004, this matter was tried before a jury. The jury returned a verdict of "not guilty" of the charge of obstructing justice but "guilty" of the lesser included offense of obstruction official business.
{¶ 7} Appellant was sentenced to a $500.00 fine, ninety (90) days in the Richland County Jail, with eighty-three (83) days suspended and two years of community control.
{¶ 8} Appellant now prosecutes the instant appeal, assigning the following errors for review:
 ASSIGNMENTS OF ERROR
{¶ 9} "I. The trial court erred prejudicially by overruling the motion for discharge at the close of the state's case.
{¶ 10} "II. The conviction of obstructing official business is contrary to the manifest weight of the evidence and contrary to law."
 I.
{¶ 11} In her first assignment of error, Appellant challenges the sufficiency of the evidence and argues that the trial court erred in not granting her motion for discharge. We disagree.
{¶ 12} Appellant made a Crim. R. 29 Motion for Acquittal at the close of the State's case. Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal * * * if the evidence is insufficient to sustain a conviction of such offense or offenses."
{¶ 13} The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus, following Jackson v. Virginia (1979), 443 U.S. 307, 99 S.Ct. 2781,61 L.Ed.2d 560. A reviewing court will not overturn convictions on sufficiency of evidence claims unless reasonable minds could not reach the conclusion reached by the trier of fact. See State v. Tibbets
(2001), 92 Ohio St.3d 146, 162.
{¶ 14} Appellant argues that the State failed to prove that an underlying crime was committed by David Fisher.
{¶ 15} The crime of obstructing justice cannot be committed without the commission of an underlying crime by another. State v. Bronaugh
(1980), 69 Ohio App.2d 24, 25, 429 N.E.2d 1084. Mere suspicion is insufficient; there must be some proof of a crime. Id. Obstructing justice involves commission of an underlying crime by another, which must be proven by means of evidence going beyond the mere statement or allegation that a crime was committed. State v. Logan (1991),77 Ohio App.3d 333, 336, 602 N.E.2d 308. Nonetheless, it is not required that the crime by another result in a conviction of that other in order to satisfy the requirements of R.C. 2921.32. See State v. Abdou
(Oct. 23, 1997), 10th Dist. No. 97APA01-73. The State is required only to present evidence proving beyond a reasonable doubt that the other person committed a crime. Id.
{¶ 16} We have reviewed the record, and we conclude that the evidence presented by the State was legally sufficient to convince the average mind of Appellant's guilt beyond a reasonable doubt if the trier of fact believed such evidence. David Fisher's probation officer testified that he was on probation from a fifth degree felony possession of drugs charge when he absconded supervision, or escaped, from the halfway house, and that he was therefore in violation of the terms and condition of his probation. (T. at 95-99).
{¶ 17} The jury had before it the testimony of Officers Grimes, Gillis and Hicks, who all testified that Appellant lied to them as to Mr. Fisher whereabouts, knowing that he was hiding in the basement. The jury also had an opportunity to hear Appellant's testimony when she took the stand.
{¶ 18} Based on the above, we conclude that there was sufficient competent and credible evidence presented to the jury to convince the jury beyond a reasonable doubt that the State had proven each element of the offense, see State v. Eley (1978), 56 Ohio St.2d 169 .
{¶ 19} Appellant's first assignment of error is overruled.
 II.
{¶ 20} In her second assignment of error, appellant argues that her conviction is against the manifest weight of the evidence and is contrary to law. We disagree.
{¶ 21} Our standard of review on a manifest weight challenge to a criminal conviction is stated as follows: "The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983),20 Ohio App.3d 172, 175, 485 N.E.2d 717. See also, State v.Thompkins (1997), 78 Ohio St.3d 380, 678 N.E.2d 541. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
{¶ 22} As stated above, the jury had before it competent, credible evidence going to all the essential elements of the case. It heard testimony from Probation Officer Grimes, Officer Gillis and Officer Hicks. Additionally, Appellant's brother-in-law Steven Kennedy testified that he was at the house of Jeff Mercurio on the night in question and that David Fisher and Patricia Fisher were there. (T. at 161). He further testified that he was surprised to see David Fisher there because he was supposed to be in a halfway house. (T. at 162). He stated that David Fisher told him that he "took off" from the halfway house and was "on the run". (T. at 163). His testimony was that Appellant was sitting there with him, David Fisher and Jeff Mercurio while this conversation took place. Id.
{¶ 23} Appellant also presented evidence to the jury in the form of her own testimony and that of Jeff Mercurio.
{¶ 24} The weight to be given the evidence presented and the credibility of the witnesses are primarily matters for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. The trier of fact's decision is owed deference since the trier of fact is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the testimony. State v.Swartsell, Butler App. No. CA2002-06-151, 2003-Ohio-4450, at 34, citing,Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 80,461 N.E.2d 1273. Judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. State v. Shahan, Stark App. No. 2002CA00163, 2003-Ohio-852, at 24, citing C.E. Morris Co. v.Foley Construction (1978), 54 Ohio St.2d 279, 376 N.E.2d 578.
{¶ 25} After reviewing the record, we cannot hold that the jury lost its way and created such a manifest miscarriage of justice that we must reverse Appellant's conviction and order a new trial nor do we find that the verdict is contrary to law.
{¶ 26} Appellant's second assignment of error is overruled.
{¶ 27} The judgment of the Mansfield Municipal Court is affirmed.
Boggins, P.J., Gwin, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Mansfield Municipal Court, Richland County, Ohio, is affirmed. Costs assessed to Appellant.