OPINION
{¶ 1} Appellant Marsha K. Hall appeals her conviction for two counts of obstruction of justice in the Fairfield County Court of Common Pleas. The relevant facts leading to this appeal are as follows.
 {¶ 2} On July 7, 2004, Fairfield County Deputy Marty Norris was following up on a warrant for an alleged parole violator, Tamara Blake, who was the girlfriend of appellant's brother, Willis Crigger. That morning, Deputy Norris proceeded to Crigger's residence at 120 Welch Avenue, Lancaster, in an attempt to locate Blake. Although Norris could not find Blake, he did apprehend Teddy Vinson, who was wanted on an outstanding warrant. (Vinson is married to appellant's mother.)
 {¶ 3} After being taken into custody, Vinson suggested that Norris might find the person for whom he was looking at an apartment building at 501 North Columbus Street. Furthermore, a vehicle parked at the rear of Crigger's Welch Avenue apartment was determined to be registered to appellant at 501 North Columbus Street. Norris eventually proceeded to that address. When he arrived, Norris noticed appellant and another individual, Everett Banes, walking toward the apartment. Norris asked them to look at Blake's photograph. Appellant initially denied ever knowing Blake, although Banes said the picture matched Blake. Upon further inquiry, appellant denied that Blake was in her apartment, and indicated she had not seen her for about three months. Appellant also denied permission for a search of her apartment.
 {¶ 4} Norris then pulled his cruiser down the street to further observe the area. About ten minutes later, Norris saw Blake running away from appellant's apartment complex. He believed that Blake had come from appellant's apartment based on the "angle" she was running away from the building. Norris gave chase and apprehended Blake with the assistance of backup officers.
 {¶ 5} On October 22, 2004, the Fairfield County Grand Jury indicted appellant on two counts of obstruction of justice (R.C.2921.32), for her part in the above events. Appellant pled not guilty to both counts at her arraignment, and the matter proceeded to a jury trial on March 15 and 16, 2005. After hearing the evidence, the jury returned a verdict of guilty on both counts.
 {¶ 6} A sentencing hearing was conducted on March 23, 2005, following which appellant was sentenced to ten months in prison, with said sentence being suspended and appellant ordered to five years of community control. Appellant was also given sixty days in jail as a community control sanction and ordered to pay court costs.
 {¶ 7} On April 6, 2005, appellant filed a notice of appeal. She herein raises the following four Assignments of Error:
 {¶ 8} "I. THE TRIAL COURT ERRED WHEN IT OVERRULED THE APPELLANT'S CRIMINAL RULE 29 MOTION.
 {¶ 9} "II. THE TRIAL COURT ERRED IN ALLOWING THE ADMISSION OF INADMISSIBLE HEARSAY.
 {¶ 10} "III. THE TRIAL COURT ERRED IN PERMITTING THE JURY'S GUILTY VERDICT, WHICH WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AND BASED ON INSUFFICIENT EVIDENCE.
 {¶ 11} "IV. THE TRIAL COURT ERRED WHEN IT FAILED TO INSTRUCT THE JURY AS TO THE DEFINITION OF WHAT CONSTITUTES A CRIME FOR THE PURPOSES OF R.C. SEC. 2921.32.
 I. {¶ 12} In his First Assignment of Error, appellant contends the trial court erred in denying his Crim.R. 29 motion for acquittal. We disagree.
 {¶ 13} The standard to be used by a trial court in determining a Crim.R. 29 motion is set forth in State v.Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184, syllabus: "Pursuant to Crim.R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt." An appellate court reviews a denial of a Crim.R. 29 motion for acquittal using the same standard used to review a sufficiency of the evidence claim. See State v. Carter (1995),72 Ohio St.3d 545, 553, 651 N.E.2d 965, 1995-Ohio-104. Thus, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492, paragraph two of the syllabus.
 {¶ 14} Appellant first contends that her obstruction conviction for harboring or concealing Blake (R.C. 2921.32(A)(1)) is merely based on Deputy Norris's "opinion" that Blake had run from appellant's apartment. Appellant's Brief at 10. However, although Norris testified that he could not see appellant's apartment door inside the main building because of the shadowing in the bright sunlight, he was able to clearly see to a certain point into the building's open doorway, "but no further." Tr. at 98. There were just three apartments in the building, (Tr. at 110), and Norris explained that Blake would have been required to either make an abrupt turn after coming down the stairs or to "come around" an open door if she had been proceeding from an apartment other than appellant's. Tr. at 99-100. Instead, Blake appeared to be making "one quick motion" as she ran out in a sprint directly toward Memorial Drive. Id. Furthermore, Norris noted that all of appellant's curtains were pulled shut, even though it was a hot summer day. Tr. at 82.
 {¶ 15} Appellant secondly maintains that appellant's conviction for obstruction by communicating false information (R.C. 2921.32(A)(5)) is not supported by sufficient evidence. However, as noted in our recitation of the facts, after appellant told Norris she had never seen Blake before, Norris had suspicions that appellant was not being cooperative. Tr. at 79. He therefore separately spoke with appellant's companion, Everett Banes, who confided that Blake was actually a girlfriend of appellant's brother, Willis Crigger. Id. Appellant thereupon changed her false story and admitted she did in fact know Blake. Tr. at 80.
 {¶ 16} Appellant additionally argues that the State failed to prove that appellant's actions assisted in the commission of an underlying crime. In Ohio, the crime of obstructing justice cannot be committed without the commission of an underlying crime by another. State v. Bronaugh (1980), 69 Ohio App.2d 24, 25,429 N.E.2d 1084. Obstructing justice involves commission of an underlying crime by another, which must be proven by means of evidence going beyond the mere statement or allegation that a crime was committed. State v. Logan (1991), 77 Ohio App.3d 333,336, 602 N.E.2d 308.
 {¶ 17} Nonetheless, it is not required that the crime by another result in a conviction of that other in order to satisfy the requirements of R.C. 2921.32. State v. Fisher, Richland App. No. 04-CA-78, 2005-Ohio-1615, ¶ 15, citing State v. Abdou
(Oct. 23, 1997), Franklin App. No. 97APA01-73. The State is required only to present evidence proving beyond a reasonable doubt that the other person committed a crime. Id. See, also,State v. Kolvek, Summit App. No. 21752, 2004-Ohio-3706. In the case sub judice, Parole Officer Norman Robinson testified that he had been assigned to supervise Blake after she was placed on judicial release in April 2004. Tr. at 52. Blake appeared for her initial meeting, but thereafter failed to meet with him as required and did not provide any addresses. Tr. at 53. Thus, the jury was provided with undisputed evidence from Blake's own parole officer that she had been on felony probation and then absconded from supervision.
 {¶ 18} Based on the above, we conclude that there was sufficient competent and credible evidence presented such that any rational trier of fact could have found the essential elements of both counts of obstruction of justice proved beyond a reasonable doubt. The trial court did not err in denying appellant's motion to acquit. Appellant's First Assignment of Error is therefore overruled.
 II. {¶ 19} In her Second Assignment of Error, appellant argues her conviction for obstruction of justice was not supported by sufficient evidence and was against the manifest weight of the evidence. We disagree.
 {¶ 20} We have previously addressed appellant's "sufficiency of the evidence" arguments in our analysis of her First Assignment of Error. We therefore proceed to her contention that the convictions were against the manifest weight of the evidence.
 {¶ 21} Our standard of review is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v.Martin (1983), 20 Ohio App.3d 172, 175. See also, State v.Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
 {¶ 22} We note appellant herein does not separately develop a manifest weight argument at the requisite point in her brief (see App.R. 16(A)(7)), but generally directs us to the arguments in her First Assignment of Error. Cf. State v. Copeland, Butler App. No. CA2003-12-320, 2005-Ohio-5899, ¶ 21. Nonetheless, having reviewed the record, we are unable to conclude the jury in this case lost its way and created a manifest miscarriage of justice warranting reversal.
 {¶ 23} Appellant's Second Assignment of Error is overruled.
 III. {¶ 24} In her Third Assignment of Error, appellant argues the trial court erred in permitting alleged hearsay statements during the testimony of Deputy Norris. We disagree.
 {¶ 25} Hearsay is "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Evid.R. 801(C). The admission or exclusion of evidence rests in the sound discretion of the trial court. State v. Sage (1987),31 Ohio St.3d 173, 180. As a general rule, all relevant evidence is admissible. Evid.R. 402; cf. Evid.R. 802. Our task is to look at the totality of the circumstances in the case sub judice, and determine whether the trial court acted unreasonably, arbitrarily or unconscionably. State v. Oman (Feb. 14, 2000), Stark App. No. 1999CA00027.
 {¶ 26} The focus of appellant's argument is a response by Deputy Norris to a prosecutor's question to the effect that another deputy had advised him of the warrant for Blake. Tr. at 66. Appellant objected on hearsay grounds, but the trial court overruled the objection.[1] Tr. at 66-68.
 {¶ 27} The Ohio Supreme Court has recognized that if a statement is not offered for the truth of the matter asserted, it is not prohibited by the hearsay rule and will be admissible, subject to the standards governing relevancy and undue prejudice.State v. LaMar, 95 Ohio St.3d 181, 196, 767 N.E.2d 166,2002-Ohio-2128, citing State v. Maurer, (1984),15 Ohio St.3d 239, 262-263, 473 N.E.2d 768. Thus "`testimony which explains the actions of a witness to whom a statement was directed, such as to explain the witness' activities, is not hearsay.'" Id., quoting Maurer at 262. In the case sub judice, we find the trial court did not abuse its discretion in allowing Norris's disputed testimony, as it was offered to explain his reasons for conducting his warrant execution duties in the area, and the limited statement nonetheless would not have resulted in undue prejudice to appellant, in light of Officer Robinson's corroborating testimony of Blake's parole status.
 {¶ 28} Appellant's Third Assignment of Error is overruled.
 IV. {¶ 29} In her Fourth Assignment of Error, appellant argues the trial court erred in refusing to give a requested jury instruction. We disagree.
 {¶ 30} The standard of review for appellate review of jury instructions is whether the trial court's refusal to give the requested instruction constituted an abuse of discretion under the facts and circumstances of the case. State v. DeMastry,155 Ohio App.3d 110, 2003-Ohio-5588, ¶ 72, citing State v. Wolons
(1989), 44 Ohio St.3d 64, 68.
 {¶ 31} R.C. 2921.32(A) states that "[n]o person, with purpose to hinder the discovery, apprehension, prosecution, conviction, or punishment of another for crime or to assist another to benefit from the commission of a crime * * * shall do any of the following: [remaining subsections omitted]." Appellant contends that the refusal of the trial court to define "crime" under the statute caused prejudice and confused the jury in this case. However, appellant provides no authority requiring a trial court to provide the jury with a generic definition of "crime" for purposes of R.C. 2921.32(A) where, as here, the instructions and the prosecution's theory of the case refer to one specific crime, namely, the crime of escape by parolee Blake. Accordingly, we find no abuse of discretion by the trial court in this regard as urged by appellant.
 {¶ 32} Appellant's Fourth Assignment of Error is therefore overruled.
 {¶ 33} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby affirmed.
By: Wise, P.J. Gwin, J., and Hoffman, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed.
Costs to appellant.
[1] We reiterate at this juncture that defense counsel's objection went only to hearsay; hence, we find appellant's present additional concerns about a Confrontation Clause violation are waived.