DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Robert Kolvek, appeals from the judgment of the Summit County Court of Common Pleas which convicted him of aggravated possession of drugs, possession of drugs, driving while under suspension, and an open container violation. We affirm.
 {¶ 2} On February 22, 2003, Appellant was arrested. Thereafter, the Summit County Grand Jury charged Appellant with one count of aggravated possession of drugs, in violation of R.C.2925.11(A); one count of illegal use or possession of drug paraphernalia, in violation of R.C. 2925.14(C)(1); one count of open container, in violation of R.C. 4301.62; one count of possession of drugs, in violation of R.C. 2925.11(A); and one count of driving under suspension, in violation of R.C. 4507.02.
 {¶ 3} A jury trial was held. Appellant was found guilty of aggravated drug possession, a felony of the fifth degree, open container, possession of drugs, and driving under suspension. He was sentenced to a term of eleven months for the aggravated possession charge. Appellant also received a sixty day sentence for the possession of drugs charge and 180 days for driving while under suspension, which were to run concurrently with the felony sentence. He received a $100 fine for the open container charge. Appellant timely appeals and asserts three assignments of error for review.
 ASSIGNMENT OF ERROR I
"The verdict was against the manifest weight of the evidence and the evidence was insufficient to support a conviction. The trial court erred in denying Appellant's Crim.R. 29 motion."
 {¶ 4} In his first assignment of error, Appellant challenges the adequacy of the evidence presented at trial. Specifically, Appellant avers that the State failed to present sufficient evidence to support the trial court's denial of his Crim.R. 29 motion for acquittal and that his convictions for aggravated possession of drugs and possession of drugs were against the manifest weight of the evidence presented at trial. Appellant's assignment of error is meritless.
 {¶ 5} As a preliminary matter, we note that sufficiency of the evidence produced by the State and the weight of the evidence adduced at trial are legally distinct issues. State v.Thompkins, 78 Ohio St.3d 380, 386, 1997-Ohio-52. "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at 3, citing Thompkins, 78 Ohio St.3d at 390 (Cook, J., concurring).
 {¶ 6} When a defendant asserts that his conviction is against the manifest weight of the evidence,
"an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986),33 Ohio App.3d 339, 340.
This discretionary power should be invoked only in extraordinary circumstances when the evidence presented weighs heavily in favor of the defendant. Id
 {¶ 7} In the present matter, Appellant was convicted of both aggravated possession of drugs and possession of drugs. R.C.2925.11(A) provides that "[n]o person shall knowingly obtain, possess, or use a controlled substance." If the drug involved is a schedule II substance, the violation constitutes aggravated possession and is a felony of the fifth degree. R.C.2925.11(C)(1)(a). When the drug involved is a schedule IV substance, an individual may be guilty of misdemeanor possession of drugs. R.C. 2925.11(C)(2)(a). One "acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).
 {¶ 8} Officers Forrest Kappler and Kelly Dyer, of the Akron Police Department, testified at trial. Officer Kappler asserted that on the afternoon of February 22, 2003, he and Officer Dyer were patrolling the South Arlington Street area when they observed Appellant driving a Chevy Cavalier with a loud exhaust. The lights and sirens were activated and a traffic stop was initiated. Appellant immediately pulled over and Officer Kappler approached the driver side door of the vehicle while Officer Dyer approached the passenger side. Officer Kappler recalled that when he asked Appellant for his driver's license, Appellant indicated that he did not have driving privileges. At that same time, Officer Kappler noticed Officer Dyer motioning towards an open bottle of Bud Lite which was located in plain view in the center console. Officer Kappler testified that he then asked Appellant to step out of the vehicle and placed him under arrest. A search incident to the arrest was performed. Officer Kappler asserted that a vial, with what was later determined to be methamphetamine, and a container with Lorazapram were found in Appellant's pocket. When an inventory of the car was performed, a mini scale, several baggies and scale pads were discovered. Methamphetamine was also found in the center console of the vehicle. Officer Kappler explained that methamphetamine is a schedule II substance and Lorazapram is a schedule IV substance. He was unable to verify that Appellant had a valid prescription for the Lorazapram.
 {¶ 9} Appellant was then brought to the police station where Officer Kappler read him his Miranda rights. When asked if he was selling or manufacturing methamphetamine, Appellant responded in the negative. However, Officer Kappler testified that Appellant said "he was using the drug and * * * at that point had been using it for about six months. [Appellant] said he had a problem and he had gotten hooked on it and he was using it every day for the past six months. [Appellant] said that both the meth that was on his person and also in the car was his." Appellant would not reveal where he had gotten the methamphetamine. Additionally, Officer Kappler stated that Appellant informed him that his girlfriend, Cathy Knox, was the owner of the vehicle he was driving.
 {¶ 10} Officer Dyer offered a similar version of events. She explained that when Appellant pulled over, she approached the passenger side of the vehicle and observed an open container of Bud Lite, in plain view, located in the center console of the car. Officer Dyer indicated that she notified Officer Kappler of the container and Appellant was then placed under arrest. She testified that she was present for the search of Appellant and the inventory of the vehicle. Methamphetamine and 24 pills of Lorazapram were found on Appellant's person and a mini scale, several baggies, scale pads and methamphetamine were discovered in the vehicle. Officer Dyer recalled Appellant asserting that the vehicle was owned by another individual.
 {¶ 11} Clearly, the jury, in weighing the evidence, the credibility of the witnesses and testimony elicited at trial, could have concluded that Appellant was guilty of the various charges. Moreover, a determination as to what occurred is a question for the trier of fact, and it is not the function of the appellate court to substitute its judgment for that of the factfinder. See State v. Jenks (1991), 61 Ohio St.3d 259, 273. After careful review of the record, we are unable to conclude that the trier of fact lost its way and created a manifest miscarriage of justice when convicting Appellant of aggravated possession of drugs and possession of drugs. Consequently, Appellant's convictions for aggravated possession and possession were not against the manifest weight of the evidence.
 {¶ 12} This Court has previously observed that "[b]ecause sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at 4. As we have already determined that Appellant's convictions were not against the manifest weight of the evidence, we necessarily conclude that there was sufficient evidence to support the verdict in this case. Accordingly, Appellant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"Trial counsel was ineffective for failing to move to dismiss the case due to speedy trial violations."
 {¶ 13} In his second assignment of error, Appellant asserts that his convictions must be overturned as his trial counsel was ineffective. More specifically, Appellant alleges that he was denied his right to a speedy trial and therefore trial counsel erred in failing to file a motion to dismiss. We disagree.
 {¶ 14} In order to establish the existence of ineffective assistance of counsel, the defendant must satisfy a two-pronged test:
"`First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the `counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" State v. Colon, 9th Dist. No. 20949, 2002-Ohio-3985, at ¶ 48, quoting Strickland v.Washington (1984), 466 U.S. 668, 687.
 {¶ 15} Appellant bears the burden of proof on this matter.Colon at ¶ 49, citing State v. Smith (1985),17 Ohio St.3d 98, 100. Furthermore, there exists a strong presumption of the adequacy of counsel's performance, and that counsel's actions were sound trial tactics. Colon at ¶ 49, citing Smith,17 Ohio St.3d at 100. "A strong presumption exists that licensed attorneys are competent and that the challenged action is the product of a sound strategy." State v. Watson (July 30, 1997), 9th Dist. No. 18215. It is also well established that "[c]ounsel need not raise * * * frivolous issues[.]" State v. Campbell
(1994), 69 Ohio St.3d 38, 53, citing Jones v. Barnes (1983),463 U.S. 745, 751, 77 L.Ed.2d 987; see, also, Engle v. Isaac
(1982), 456 U.S. 107, 134, 71 L.Ed.2d 783 (stating that "the Constitution guarantees criminal defendants only a fair trial and a competent attorney. It does not insure that defense counsel will recognize and raise every conceivable constitutional claim"). Therefore, "[c]ounsel may limit the number of arguments raised in order to focus on those issues most likely to bear fruit." See State v. Caulley, 10th Dist. No. 97AP-1590, 2002-Ohio-7039, at ¶ 4, citing State v. Allen,77 Ohio St.3d 172, 173, 1996-Ohio-366. Additionally, we note that debatable trial tactics do not give rise to a claim for ineffective assistance of counsel. In Re: Simon (June 13, 2001), 9th Dist. No. 00CA0072, citing State v. Clayton (1980), 62 Ohio St.2d 45,49. A defendant should put forth a showing of a substantial violation of an essential duty. Watson, supra.
 {¶ 16} Prejudice, the second prong of the Strickland
analysis, entails a reasonable probability that, but for counsel's errors, the result of the trial would have been different. State v. Bradley (1989), 42 Ohio St.3d 136, paragraph three of the syllabus. The court is also to consider "`the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.'" Colon at ¶ 49, quoting Strickland,466 U.S. at 690. An appellate court may analyze the second prong of theStrickland test alone if such analysis will dispose of a claim of ineffective assistance of counsel on the ground that the defendant did not suffer sufficient prejudice. See State v.Loza (1994), 71 Ohio St.3d 61, 83.
 {¶ 17} Therefore, based on the Strickland analysis, a defendant does not state a claim for ineffective assistance of counsel unless his attorney has acted unreasonably, given the facts of the case, and the unreasonable conduct was prejudicial to the defense. State v. Mills (1992), 62 Ohio St.3d 357, 370.
 {¶ 18} The Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution guarantee a criminal defendant the right to a speedy trial. State v. Pachay (1980), 64 Ohio St.2d 218, 219. R.C.2945.71, et seq. designates time periods within which the State must bring an accused to trial. The time for speedy trial begins to run when the accused is arrested; however, the actual day of arrest is not included in the calculation. State v. Szorady, 9th Dist. No. 02CA008159, 2003-Ohio-2716, at ¶ 12, citing R.C.2945.71(C)(2) and Akron v. Cody (Sept. 6, 2000), 9th Dist. No. 19986. Pursuant to R.C. 2945.71(C)(2), a person charged with a felony must be brought to trial within 270 days after his arrest. In addition, "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days." R.C. 2945.71(E). Thus, if the accused is held in jail in lieu of bail, the time within which the trial must be held is 90 days. See id.
 {¶ 19} When a court is not in compliance with the time requirements specified in R.C. 2945.71, "a person charged with an offense shall be discharged if he is not brought to trial[.]" R.C. 2945.73(B). Such discharge is a bar to any further criminal proceedings against the accused based on the same conduct. R.C.2945.73(D). The time requirements within which an accused must be brought to trial may be tolled by certain events listed in R.C.2945.72. Specifically, the speedy trial period may be tolled for "[a]ny period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law[,]" and for "[a]ny period of delay necessitated by reason of plea in bar or abatement, motion, proceeding, or action made or instituted by the accused." R.C.2945.72(C) and (E).
 {¶ 20} Upon review, we find that Appellant has failed to satisfy the second prong of the Strickland analysis. Appellant was arrested for aggravated possession of drugs on February 22, 2003. A jury trial commenced on July 30, 2003. This is well within the 270 day time frame. Although Appellant appears to allege that he should have been brought to trial within 90 days of his arrest due to time he was held in prison in lieu of bail, we are unable to ascertain how many days, and for what particular charges, Appellant remained in jail from the record provided. See App.R. 9(A) (stating that an appellate court may only consider the exhibits and papers filed in the trial court). Furthermore, two continuances were requested by Appellant and there were periods of time in which Appellant was without counsel which caused further, permissible delays. See R.C. 2945.72(C) and (E).
 {¶ 21} Thus, Appellant has not demonstrated that a reasonably probability exists that a motion to dismiss on speedy trial grounds would have been granted. See State v. Thompson (1994),97 Ohio App.3d 183, 187. Accordingly, we are unable to conclude that he was denied the effective assistance of counsel. SeeBradley, 42 Ohio St.3d 136 at paragraph three of the syllabus. Appellant's second assignment of error is overruled.
 ASSIGNMENT OF ERROR III
"The court failed to follow sentencing guidelines and erred in imposing [the] sentence."
 {¶ 22} In this third and final assignment of error, Appellant is contesting the court's imposition of an eleven month sentence for aggravated possession of drugs. Appellant alleges that "the court failed to follow the sentencing guidelines when it imposed the near maximum sentence for a fifth degree felony, eleven months of incarceration, whereby the maximum is twelve." Appellant's contention lacks merit.
 {¶ 23} An appellate court may remand a matter to the trial court for resentencing if it finds that the trial court clearly and convincingly acted contrary to law. R.C. 2953.08(G)(2)(b). Clear and convincing evidence is that "` which will produce in the mind of the trier of facts a firm belief or conviction as to the allegations sought to be established.'" State v. Eppinger
(2001), 91 Ohio St.3d 158, 164, quoting Cross v. Ledford
(1954), 161 Ohio St. 469, 477.
 {¶ 24} The overriding purpose of felony sentencing is to punish the offender and to protect the public from future criminal acts. R.C. 2929.11(A). R.C. 2929.12 provides that the trial court shall consider certain factors relating to the seriousness of the offender's conduct and others relating to the likelihood of the offender's recidivism. The Ohio Supreme Court has held that R.C. 2929.12 does not require specific language or specific findings on the record in order to show that the trial court considered the applicable seriousness and recidivism factors. State v. Arnett (2000), 88 Ohio St.3d 208, 215. SeeState v. Neptune, 9th Dist. No. 3171-M, 2001-Ohio-1768, at 4.
 {¶ 25} When sentencing Appellant, the court indicated that it considered the presentence investigation report as well as the evidence produced at trial. When considering the seriousness of the offense and the likelihood for recidivism the court stated:
"[Appellant] has served a prior prison sentence and it was for a serious felony. [The] [c]ourt is instructed to look at various factors concerning the seriousness of the offense, and [it] finds none of the statutory factors particularly relevant that are listed. On that point [the court] might say further that [it] found nothing to mitigate [Appellant's] conduct in this situation.
"Moving on then to considering the likelihood for recidivism, [the court] would note with regard to [Appellant] there is a record here since 1986, history of criminal convictions. * * * [I]nterestingly, with several of those charges comes the charge of misrepresenting identity, which is a concern for the court.
"Also a concern for the court, that on one of those prior charges there was also a charge for open container, which is one of the things we are looking at on which [Appellant] was convicted by the jury. Even though it's a minor misdemeanor, what [the court] see[s] here is a pattern of alcohol use and/or abuse even in the minor misdemeanor charge, but also with regard to the two DUIs[.]
* * *
"The continued appearance of new charges also suggest that [Appellant] has not responded favorably to past sanctions. The report notes one period of probation in 2001 where there was a noncompliance to the extent a capias had to be issued and, finally, [the court] make[s] the observation that there appears to be no genuine remorse demonstrated by [Appellant] for these offenses."
 {¶ 26} In light of those findings, the court found that prison was consistent with the purposes and principles of felony sentencing law and that there was a strong need to protect the community as well as to deter and rehabilitate Appellant. Additionally, the court found that Appellant was not amenable to community control.
 {¶ 27} Upon review, we find that the court complied with the statutory guidelines when sentencing Appellant. Accordingly, Appellant's third assignment of error is overruled.
 {¶ 28} Appellant's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
Whitmore, P.J. and Batchelder, J. Concur