{¶ 1} Plaintiff-appellant Jean Pauer ("Pauer") appeals from the decision of Cuyahoga County Court of Common Pleas which denied her Civ.R. 60(B) motion to vacate a previously granted motion for summary judgment in favor of the defendants-appellees Betty B. Langaa and Kurt Liedtke[1] (collectively "Langaa") as well as a motion for sanctions against Pauer. For the reasons adduced below, we affirm in part and vacate in part.
 {¶ 2} The following facts give rise to this appeal. Pauer filed a complaint against Langaa on April 26, 2001. On May 7, 2002, the trial court granted summary judgment against Pauer. In addition, on August 2, 2002, the trial court granted Langaa's motion for sanctions against Pauer. Finally, on October 15, 2002, Langaa filed a voluntary dismissal of all claims against Pauer, making both court orders final and appealable. On November 25, 2002, Pauer filed a notice of appeal; however, on December 18, 2002, this court sua sponte dismissed the appeal as untimely pursuant to Civ.R. 4(A) and App.R. 4(A). Subsequently, on May 5, 2003, Pauer filed a Civ.R. 60(B) motion to vacate, which was denied by the trial court on July 2, 2003. Again, Pauer filed a notice of appeal to this court.
 {¶ 3} Pauer appeals the decision of the trial court and advances three assignments of error for our review, which provide:
 {¶ 4} "The trial court erred and abused its discretion in refusing to grant Plaintiff's motion for relief from judgment."
 {¶ 5} "Civil Rule 60(B) sets forth the requirements for a trial court review and ability for re-hearing. The elements of 60(B) were met and the trial court erred and abused its discretion in refusing to hold a hearing upon the plaintiff's motion for relief."
 {¶ 6} "The trial court erred to the prejudice of the plaintiff-appellant in failing to enter a final appealable order."
 {¶ 7} First, the court must address whether it has jurisdiction to hear this appeal or whether Pauer's right to appeal was waived by the late filing of her first notice of appeal. We find that as to the merits of the case, Pauer has lost her right to appeal; however, as to the order for sanctions, this court must vacate the order in part for lack of subject matter jurisdiction.
 {¶ 8} It is well settled that a Civ.R. 60(B) motion to vacate is not a substitute for a timely appeal. Doe v. Trumbull Cty.Children Services Bd. (1986), 28 Ohio St.3d 128. The principle of finality requires that, so long as the order is not void, even an erroneous ruling must be given binding effect among the parties once the time for appeal has passed. Dizna v. Dizna,
Cuyahoga App. No. 80029, 2002-Ohio-2753.
 {¶ 9} In a similar case, Firstar Bank Milwaukee v. ElizabethWhitmore, Cuyahoga App. No. 81349, 2003-Ohio-1506, Whitmore's first appeal was dismissed by this court as untimely and she then filed a Civ.R. 60(B) motion for relief from judgment in the trial court. When that motion was denied, Whitmore appealed again. Id. This court stated that "a Civ.R. 60(B) motion does not extend the time for filing an appeal, Whitmore's attempt to again appeal, based on the same perceived errors in the magistrate's decision, remains untimely. Lack of timeliness deprives this court of jurisdiction to consider the merits of the issue raised therein." Id.
 {¶ 10} In the instant case, Pauer's first notice of appeal was dismissed as untimely. She then returned to the trial court, filing a Civ.R. 60(B) motion to vacate the summary judgment order and the order for sanctions, citing the same issues alleged in her notice of appeal. When that motion was denied, Pauer then filed another notice of appeal in a seemingly timely fashion. However, we find that Pauer's appeal is untimely, and we are therefore unable to rule upon any assigned error related to the trial court's denial of Pauer's Civ.R.60(B) motion because it was based upon the same perceived errors alleged in the first appeal, which was dismissed as untimely.
 {¶ 11} That being said, an issue still remains as to the propriety of the trial court's order for sanctions that included attorney fees for a related Geauga County case, which was dismissed on the merits. Pauer argues that the trial court lacked jurisdiction to issue sanctions against her for a Geauga County case that was dismissed on the merits and affirmed on appeal. We agree and find that the trial court lacked subject matter jurisdiction over the claims filed and adjudicated in Geauga County. The court only had jurisdiction and authority to impose sanctions regarding the case pending before it.
 {¶ 12} This court stated in State v. Kenney, Cuyahoga App. No. 80653, 2003-Ohio-2046: "Where the trial court enters an order without jurisdiction, its order is void and a nullity. No appeal can be taken from a void judgment, as a void judgment is necessarily not a final appealable order." Nevertheless, it is well established that the defense of lack of subject matter jurisdiction can never be waived. In re King (1980),62 Ohio St.2d 87. Objections based upon lack of subject matter jurisdiction may be raised at any stage of the proceedings,Byard v. Byler (1996), 74 Ohio St.3d 294; may be raised for the first time on appeal, Jenkins v. Keller (1966),6 Ohio St.2d 122, paragraph five of the syllabus; or may be attacked collaterally, State v. Shrum (1982), 7 Ohio App.3d 244. Moreover, parties may not, by stipulation or agreement, confer subject matter jurisdiction on a court, where subject matter jurisdiction is otherwise lacking. Fox v. Eaton Corp. (1976),48 Ohio St.2d 236. A judgment entered by a court that lacks subject matter jurisdiction is void ab initio. Myers v.Clinebell (May 14, 1999), Sandusky App. No. S-98-048.
 {¶ 13} A motion to vacate a void judgment does not need to comply with the requirements of Civ.R.60(B). Dorsey v. FordMotor Co. (May 18, 2000), Cuyahoga App. No. 75636. The authority to vacate a void judgment constitutes an inherent power possessed by the Ohio courts. Patton v. Diemer (1988), 35 Ohio St.3d 68. Accordingly, because the judgment for sanctions is void in part, this court must vacate the judgment as to the attorney's fees incurred in the Geauga case. See Savage v. Goda (Oct. 26, 2000), Cuyahoga App. Nos. 77473 and 77486. Therefore, the judgment for sanctions is partially void and vacated to exclude the award of attorney's fees related to the Geauga case, and affirmed as to those incurred for the Cuyahoga case.
 {¶ 14} After a review of the record, including the attorney's fee bill and the court docket, we find that the award of sanctions should be reduced by $5,445. We determined that 35.3 hours in attorney's fees and $150 in filing fees related to the Geauga case; thus, the judgment is void only as to those fees.
 {¶ 15} The judgment is affirmed in part and vacated in part.
Judgment affirmed in part and vacated in part.
Kilbane, P.J., concurs.
 Cooney, J., concurs in judgment only.
This cause is affirmed in part and vacated in part.
It is ordered that appellant and appellees share the costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Kurt Liedtke, pro se, did not file an appellate brief but did participate in oral argument.