OPINION
{¶ 1} Defendant-appellant, Dave Gill Pontiac-GMC, Inc., appeals from the trial court's grant of judgment notwithstanding the verdict in favor of plaintiff-appellee, Catherine L. Coey, and an award of attorneys' fees in this matter. For the following reasons, we reverse.
 {¶ 2} On September 21, 2000, appellee purchased a used 1997 GMC Jimmy truck from appellant for a total purchase price of $17,120.99. She obtained financing to purchase the truck from National City Bank. The loan agreement required her to make monthly payments of $350.21. Appellant provided appellee with a free 30-day, 1,000 mile, limited warranty on the truck. Before she purchased the truck, appellee test drove it and noticed a few problems. The salesman told her that appellant would take care of the problems. After appellee bought the truck, she discovered that the problems had not been fixed and she brought the truck back the next day for a number of repairs. Over the next two months, she returned the truck at least five times to have appellant repair the same problems. By November 2000, appellee had become so frustrated that she told appellant's salesman that she did not want the truck anymore. After she picked the truck up from appellant's dealership on November 27, 2000, she never returned the truck to appellant for any repairs.
 {¶ 3} On January 15, 2001, appellee's lawyer delivered a letter to appellant notifying appellant of appellee's revocation of her acceptance and demanding the cancellation of the contract and a full refund. Apparently, appellant refused appellee's demand. On March 8, 2001, appellee filed the instant complaint against appellant alleging claims for breach of implied warranty and revocation of her acceptance pursuant to the Magnuson-Moss Warranty Act, Section 2310, Title 15, U.S.Code. She demanded the return of the truck's purchase price, incidental and consequential damages, and attorneys' fees. In May, August, November, and December 2001, appellee took the truck to another dealership to fix problems appellant had not repaired. She drove the truck almost 12,000 miles by the end of 2001. Due to problems she still had with the truck, appellee began to limit her driving of the truck in February 2002 and finally stopped driving the truck by May 2002. Appellee made all of her monthly payments on the truck.
 {¶ 4} After a two-day trial in January 2003, the jury returned a general verdict in favor of appellee. The jury found that (1) appellant breached its implied warranty to appellee; (2) appellee provided appellant a reasonable opportunity to cure the truck's problems but that appellant did not cure the problems; and, (3) appellee timely revoked her acceptance of the truck due to a substantial defect and timely notified appellant of her revocation. The jury, however, did not award appellee any monetary damages. Although there was a line in the general verdict form, approved by appellee's counsel, for the jury to award appellee the diminished value of the truck and her total damages,[1] the jury left that line blank.
 {¶ 5} On February 4, 2003, appellee filed a motion for an award of attorneys' fees. On February 18, 2003, appellee filed a "Motion to Enforce Verdict." In that motion, appellee requested that the trial court order appellant to: (1) pay off the National City Bank lien in the amount of $11,800, the balance as of February 19, 2003; (2) pay her incidental and consequential damages in the amount of $10,837.03, consisting of 27 monthly payments of $350.21, a down payment of $518.08, and $863.28 in other expenses; and, (3) reimburse her for any monthly payments she may make until appellant pays off the balance of the National City Bank lien. On November 14, 2003, the trial court entered judgment for appellee but did not award her any damages because the jury did not award her damages. The trial court did award appellee, as the prevailing party, attorneys' fees in the amount of $32,773.37.
 {¶ 6} In response to the trial court's November 14, 2003 judgment, appellee filed on December 1, 2003, a "Motion to Harmonize Verdict with Interrogatory Answers, or, in the Alternative, for Judgment Notwithstanding the Verdict, or, in the Alternative, Motion for a New Trial." Appellee argued that it was the obvious intent of the jury to award her full revocation of the acceptance of the truck and that the trial court should conform the verdict to that obvious intent and award damages accordingly. Appellee again requested the same damages she requested in her "Motion to Enforce Verdict." The trial court denied appellee's motion to harmonize the verdict and her motion for a new trial. However, the trial court granted appellee's motion for judgment notwithstanding the verdict and awarded appellee her requested damages (i.e., the amount necessary to pay off the bank lien, reimbursement of her down payment and her monthly payments, as well as related expenses).
 {¶ 7} Appellant appeals, assigning the following errors:
Assignment of Error No. 1
The Lower Court erred by granting Plaintiff-Appellee Judgment Notwithstanding Verdict by its Journal Entry on Motions dated 3/23/04.
Assignment of Error No. 2
The Lower Court erred by granting the Plaintiff-Appellee Injunctive Relief by its Journal Entry on Motions dated 3/23/04.
Assignment of Error No. 3
The Lower Court erred by granting the Plaintiff-Appellee attorney fees and other costs and expenses by its Entry on Motions and Judgment Entry dated 11/14/03.
 {¶ 8} In its first and second assignments of error, appellant contends the trial court erred by granting appellee's motion for judgment notwithstanding the verdict ("JNOV"). We agree.
 {¶ 9} Appellee filed a combined motion for JNOV and motion for a new trial. Pursuant to Civ.R. 50(B), "a party may move" for judgment notwithstanding the verdict "not later than fourteen days after entry of judgment." Pursuant to Civ.R. 59(B), "[a] motion for a new trial shall be served not later than fourteen days after the entry of the judgment." Relevant to this appeal is the portion of appellee's motion requesting a JNOV. Appellee filed her motion for JNOV to set aside the trial court's November 14, 2003 judgment entry on December 1, 2003, 17 days after entry of judgment. The motion was served on appellant's counsel on November 26, 2003, only 12 days after entry of judgment. Appellant contends the trial court was without jurisdiction to consider appellee's motion for JNOV because it was not filed within 14 days of judgment, and that the decision rendered by the trial court is, therefore, void. Appellee argues that appellant waived this argument by failing to raise it in the trial court and, regardless, the motion was timely because appellant was timely served.
 {¶ 10} Parties may raise a court's lack of jurisdiction at any stage of the proceedings and may even raise the issue for the first time on appeal. Pauer v. Langaa, Cuyahoga App. No. 83232, 2004-Ohio-2019, at ¶ 12. This court may even raise jurisdictional issues sua sponte. Ivkovichv. Steubenville (2001), 144 Ohio App.3d 25, 29; Noble v. Colwell
(1989), 44 Ohio St.3d 92, fn. 1. Accordingly, although appellant did not raise the jurisdictional issue in the trial court, appellant has not waived the issue.
 {¶ 11} The Supreme Court of Ohio has made it clear that a motion for JNOV, as opposed to a motion for new trial, must be filed no later than 14 days after entry of judgment. Harvey v. Hwang, 103 Ohio St.3d 16,2004-Ohio-4112. In Harvey, the court repeatedly distinguished the language in Civ.R. 50(B) that requires a motion for JNOV be filed no later than 14 days from the entry of judgment, from the language in Civ.R. 59(B) that requires a motion for new trial to be served no later than 14 days from the entry of judgment. Id. at ¶ 11, 12, 18, and 19. This court has noted the same distinction. See Snow v. Brown (Sept. 26, 2000), Franklin App. No. 99AP-1234. We do not, therefore, agree with appellee that the date her motion for JNOV was served on appellant's counsel controls. Rather, the timeliness of a motion for JNOV is determined by when it was filed. Appellee's motion for JNOV was filed on December 1, 2003, more than 14 days after the November 14, 2003 judgment. Therefore, this motion was untimely.
 {¶ 12} A trial court lacks jurisdiction to consider the merits of an untimely filed motion for JNOV. See id.; Turner v. Cozzens (Mar. 27, 1997), Cuyahoga App. No. 70867; cf. Town Country Drive-In ShoppingCenters, Inc. v. Abraham (1975), 46 Ohio App.2d 262, 267 (trial court without authority to consider merits of untimely motion for new trial);Boyles v. Boyles (Oct. 5, 2001), Portage App. No. 2000-P-0072 (same);Bennett v. Estate of Hollabaugh, Franklin App. No. 02AP-1170, 2003-Ohio-4759 (timely filing of post-trial motion for prejudgment interest jurisdictional). Appellee's motion for JNOV was untimely filed. Therefore, the trial court lacked jurisdiction to consider it. A judgment rendered by a court lacking subject-matter jurisdiction is void ab initio. Reynolds v. Whitney, Franklin App. No. 03AP-1048, 2004-Ohio-1628, at ¶ 6; Patton v. Diemer (1988), 35 Ohio St.3d 68, paragraph three of the syllabus.
 {¶ 13} This court has the inherent power to vacate a void judgment. Id. at 70; DuFresne v. DuFresne (Oct. 20, 2000), Erie App. No. E-00-027. Because the trial court lacked jurisdiction to consider appellee's untimely motion for JNOV, the trial court's decision granting that motion is void ab initio.[2] See Pauer, supra, at ¶ 13. Accordingly, appellant's first assignment of error is sustained, and its second assignment of error, going to the merit's of the trial court's decision to grant the motion for JNOV, is rendered moot. App.R. 12(A); Horner v.Toledo Hosp. (1993), 94 Ohio App.3d 282, 290.
 {¶ 14} In its third assignment of error, appellant contends the trial court erred when it granted appellee an award of attorneys' fees as the prevailing party in the action. Appellee sought and received attorneys' fees under the Magnuson-Moss Warranty Act. Attorneys' fees are recoverable under that act to a consumer who "finally prevails" in the action. Section 2310(d)(2), Title 15, U.S.Code. An award of attorneys' fees to a prevailing party under that act lies within the discretion of the trial court. Hatfield v. Oak Hill Banks (S.D.Ohio, 2002),222 F.Supp.2d 988, 990; Cannon v. William Chevrolet/Geo, Inc.
(Ill.App. 2003), 794 N.E.2d 843, 852; Eckman v. Columbia Oldsmobile,Inc. (1989), 65 Ohio App.3d 719, 722. However, the trial court's determination that a party has "finally prevailed" is a question of law that we review de novo. Cf. Jenkins v. Missouri (C.A.8, 1997),127 F.3d 709, 713; Preservation Coalition of Erie County v. FederalTransit Admin. (C.A.2, 2004), 356 F.3d 444, 450; Franklin v. Lawrimore
(C.A.4, 1997), 121 F.3d 698; Inland Steel Co. v. LTV Steel Co. (Fed. Cir. 2004), 364 F.3d 1318, 1319-1320; Melton v. Frigidaire (Ill.App. 2004), 805 N.E.2d 322, 324. Appellant contends that appellee did not finally prevail in this action because she did not recover any monetary damages. We agree.
 {¶ 15} Congress has authorized the award of attorneys' fees to a "prevailing party" in a number of federal statutes. See Buckhannon Bd. Care Home, Inc. v. West Virginia Dept. of Health Human Resources
(2001), 532 U.S. 598, 602-603, 121 S.Ct. 1835, 1839 (setting forth other statutes allowing for award of fees to prevailing party). Although the Magnuson-Moss Act allows attorneys' fees to a party who "finally prevails" (as opposed to a "prevailing party"), such fee shifting provisions are to be interpreted consistently, despite the slight variation in the language used in the statutes. Id. at fn. 4; Pitchfordv. Oakwood Mobile Homes, Inc. (W.D.Va. 2002), 212 F.Supp.2d 613, 617, citing Smyth v. Rivero (C.A.4, 2002), 282 F.3d 268, 274 (finding that fee shifting language in Magnuson-Moss Act should be interpreted as other fee shifting provisions).
 {¶ 16} The United States Supreme Court has defined a "prevailing party" as one who has been awarded at least some relief on the merits of his claims. Buckhannon, supra, at 603-604, quoting Hewitt v. Helms
(1987), 482 U.S. 755, 760, 107 S.Ct. 2672. Even an award of nominal damages suffices under this test, although not every party who receives nominal damages is entitled to attorneys' fees. Farrar v. Hobby (1992),506 U.S. 103, 115, 113 S.Ct. 566 ("When a plaintiff recovers only nominal damages * * * the only reasonable fee is usually no fee at all."). Settlement agreements enforced through a consent decree or other court order may also serve as the basis for an award of attorneys' fees. Id. In essence, a plaintiff prevails when the relief awarded materially alters the legal relationship between the parties by modifying the defendant's behavior to benefit plaintiff. Id. at 112; Buckhannon, supra, at 604.
 {¶ 17} Although appellee received a judgment in her favor, the jury awarded her no damages. "While an empty judgment may provide some moral satisfaction, such a judgment carries no real relief and thus does not entitle the judgment winner to be treated as a prevailing party." Tunisonv. Continental Airlines Corp., Inc. (D.C. Cir. 1998), 162 F.3d 1187, 1190
(reversing trial court's determination of plaintiff as prevailing party when jury found violations of Air Carrier Access Act but awarded no damages). Other courts have also refused to declare as a prevailing party a plaintiff who receives a judgment in its favor without receiving any damages. See Pedigo v. P.A.M. Transport, Inc. (C.A.8, 1996), 98 F.3d 396,397-398 (plaintiff not prevailing party when relief granted was declaration that defendant violated the Americans with Disabilities Act without an award of damages); Kildea v. Electro-Wire Products, Inc.
(C.A.6, 2000), 238 F.3d 422 (plaintiff not prevailing party when judgment in its favor lacked damages); Caruthers v. Proctor Gamble Mfg. Co.
(D.Kan. 1998), 177 F.R.D. 667, 669-670, affirmed 161 F.3d 17 (plaintiff who received jury verdict finding defendant violated Americans with Disabilities Act not prevailing party because jury did not award any damages); Nance v. Maxwell Federal Credit Union (C.A.11, 1999),186 F.3d 1338, 1343 (plaintiff not prevailing party when award of damages arising from violations of Age Discrimination in Employment Act vacated); Lintz v. American General Finance, Inc. (D.Kan. 1999),76 F.Supp.2d 1200, 1209-1210 (plaintiff who received jury verdict finding defendant liable for sexual harassment not prevailing party because jury did not award any damages). In essence, a judgment in favor of a plaintiff without an accompanying award of damages does not create a material alteration of the legal relationships between the parties so as to justify an award of attorneys' fees. Farrar, supra.
 {¶ 18} The jury found that appellant breached its implied warranty and did not repair the problems with appellee's truck. The jury also determined that appellee timely revoked her acceptance of the truck and timely notified appellant of her revocation. However, for whatever reasons, the jury awarded appellee no damages. This empty judgment leaves appellee with nothing to enforce. Such a judgment does not establish that appellee was the prevailing party — or that appellee "finally prevailed" — because the awarded judgment did not materially alter the relationship between her and appellant. Appellant owes her nothing and does not need to change its behavior as a result of the judgment. See Sierra Club v.Little Rock (C.A.8, 2003), 351 F.3d 840, 845 (declining to find plaintiff a prevailing party when judgment had no effect on defendant's behavior toward plaintiff). Accordingly, the trial court erred by granting appellee attorneys' fees as a prevailing party in this matter. Appellant's third assignment of error is sustained.
 {¶ 19} In conclusion, appellant's first and third assignments of error are sustained, and its second assignment of error is rendered moot by our disposition of the first assignment of error. The judgment of the Franklin County Court of Common Pleas granting appellee's motion for JNOV is void and is hereby vacated, and its judgment granting appellee attorneys' fees is reversed.
Judgment granting appellee's motion for judgment notwithstanding theverdict vacated; judgment granting appellee's motion for attorneys' feesreversed.
Sadler and Deshler, JJ., concur.
DESHLER, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Line 6 of the jury's general verdict form stated that "Plaintiff is entitled to the diminished value of the vehicle and we further find that the Plaintiff's total damages are: $____."
[2] Nonetheless, appellant's appeal in this matter is still timely because appellee's timely motion for a new trial extended the time for filing an appeal until an order disposing that motion is entered. App.R. 4(B)(2). The same judgment which granted appellee's motion for JNOV also denied her motion for a new trial. Accordingly, appellant still had 30 days to appeal from that decision.