DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Appellant, Robert Kolvek, appeals the decision of the Summit County Court of Common Pleas, which granted his motion for resentencing and resentenced him accordingly. This Court vacates the sentencing entries filed by the court on October 14, 2005 in case numbers CR 03-02-0551 and CR 03-05-1398(A).
 I. {¶ 2} Appellant was convicted of two counts of aggravated possession of drugs, open container, and driving under suspension in case number CR 03-02-0551. Appellant appealed his convictions and this Court affirmed the trial court's decision. State v.Kolvek, 9th Dist. No. 21719, 2004-Ohio-1608. In case number CR 03-05-1398(A), appellant was convicted of obstructing justice, aggravated possession of drugs, receiving stolen property, driving under suspension, and illegal assembly or possession of chemicals for the manufacture of drugs. Appellant appealed his convictions to this Court and we affirmed the decision of the trial court. State v. Kolvek, 9th Dist. No. 21752,2004-Ohio-3706. On August 2, 2005, appellant filed a motion for resentencing in case numbers CR 03 02 0551 and 03-05-1398(A) due to the failure of the trial court to give him notice of post release control. The State filed a motion indicating that it did not oppose the resentencing in either case. A hearing was conducted and the trial court resentenced appellant in each case adding the condition of post release control after appellant has completed his sentence.
 {¶ 3} Appellant timely appealed the trial court's resentencing order in each case, setting forth various assignments of error. Upon the State's motion, this Court consolidated the two appeals for purposes of presenting oral argument.
 II. C.A. No. 22966
 FIRST ASSIGNMENT OF ERROR
"THE TRIAL COURT VIOLATED APPELLANT'S FIFTH AMENDMENT DUE PROCESS RIGHTS AND THE DOUBLE JEOPARDY CLAUSE OF THE UNITED STATES CONSTITUTION BY MODIFYING AND ENHANCING A COMPLETED SENTENCE."
 SECOND ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN, UPON RESENTENCING, THE COURT FAILED TO CONDUCT A MEANINGFUL SENTENCING HEARING AS STIPULATED BY O.R.C. 2929.19 AND CRIMINAL RULE 32."
 THIRD ASSIGNMENT OF ERROR
"THE TRIAL COURT VIOLATED APPELLANT'S DUE PROCESS RIGHTS BY USING A SENTENCE THAT IS ADMITTEDLY CONTRARY TO LAW AND COMPLETED AS AN ENHANCEMENT, BY WAY OF CONSECUTIVE TERMS, TO CASE 2003-05-1398A."
 FOURTH ASSIGNMENT OF ERROR
"THE TRIAL COURT VIOLATED APPELLANT'S 14TH AMENDMENT DUE PROCESS RIGHTS WHEN THE COURT STOPPED HIM FROM MAKING OBJECTIONS TO CORRECT THE RECORD, AND TO OBJECT TO IMPROPER IMPOSITION OF THE SENTENCE."
C.A. No. 22967
 FIRST ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED WHEN IT SENTENCED APPELLANT ON THE OFFENSE [O]F OBSTRUCTION OF JUSTICE, O.R.C. 2921.32, BECAUSE THE INDICTMENT WAS INSUFFICIENT TO CHARGE ANY STATUTORILY DEFINED OFFENSE, THEREBY DIVESTING THE COURT OF JURISDICTION."
 SECOND ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED BY IMPOSING CONSECUTIVE SENTENCES THAT ARE NOT SUPPORTED BY THE RECORD AND THE LIMITED FINDINGS WERE INADEQUATE AND NOT PROPERLY DISTINGUISHED, PER INDIVIDUAL CHARGE, TO JUSTIFY FIVE (5) CONSECUTIVE SENTENCES."
 THIRD ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED BY CONDUCTING THE RESENTENCING HEARING OF APPELLANT WITHOUT REGARD TO OHIO REVISED CODE 2929.19 AND CRIMINAL RULE 32 WHEN THE ORIGINAL SENTENCE WAS DETERMINED CONTRARY TO LAW AND VOID."
 FOURTH ASSIGNMENT OF ERROR
"APPELLANT BELIEVES THAT HIS 6TH [AMENDMENT] RIGHTS WERE VIOLATED WHEN THE TRIAL COURT IMPOSED A TERM OF CONSECUTIVE SENTENCES BY FACTS NOT PROVEN TO A JURY: SEE GENERALLY BLAKELY V. WASHINGTON."
 FIFTH ASSIGNMENT OF ERROR
"THE TRIAL COURT ERRED WHEN IT IMPOSED A SENTENCE UPON APPELLANT THAT IS NOT CONSISTENT WITH SENTENCES IMPOSED UPON SIMILARLY SITUATED OFFENDERS, THEREBY MAKING HIS SENTENCE CONTRARY TO LAW."
 {¶ 4} As a preliminary matter, this Court must first determine whether the trial court had jurisdiction to consider appellant's motion for resentencing.
 {¶ 5} In State v. Reynolds (1997), 79 Ohio St.3d 158, syllabus, the Ohio Supreme Court held that "[w]here a criminal defendant, subsequent to his or her direct appeal, files a motion seeking vacation or correction of his or her sentence on the basis that his or her constitutional rights have been violated, such a motion is a petition for postconviction relief as defined in R.C. 2953.21." Appellant filed a direct appeal on September 4, 2003, in case number CR 03-09-0551. This Court affirmed appellant's convictions and sentence on March 31, 2004. State v.Kolvek, 9th Dist. No. 21719, 2004-Ohio-1608. Appellant filed a direct appeal on September 24, 2003, in case number CR 03-05-1398(A). This Court affirmed appellant's convictions and sentence on July 14, 2004. State v. Kolvek, 9th Dist. No. 21752, 2004-Ohio-3706. Accordingly, appellant was required to comply with R.C. 2953.21(A)(2). Pursuant to R.C. 2953.21(A)(2), a petition for post-conviction relief must be filed no later than 180 days after the day the trial transcript is filed in the direct appeal from the judgment of conviction and sentence, or, if no direct appeal is taken, no later than 180 days after the expiration of the time to file an appeal. See App.R. 3(A) 4(A). A trial court may not entertain a motion that is filed after the timeframe set forth in R.C. 2953.21(A)(2). R.C. 2953.23(A).
 {¶ 6} Appellant's motion for resentencing was filed on August 2, 2005, well beyond the expiration of the time to file an appeal, and was, therefore, clearly untimely. R.C. 2953.23(A) provides certain factors, that if present, would except a petition from the prescribed filing time. Pursuant to R.C.2953.23(A)(1), a court has no jurisdiction to hear an untimely filed petition for post-conviction relief unless both of the following apply:
"(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
"(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence."
 {¶ 7} Appellant's case is before us on appeal from the trial court's grant of his petition for post-conviction relief, not from direct appeal. However, appellant failed to meet his burden under R.C. 2953.23(A)(1) to file a timely petition for post-conviction relief and the trial court therefore lacked jurisdiction to entertain the petition. See State v. Kelly, 6th Dist. No. L-05-1237, 2006-Ohio-1399, at ¶ 12. "A judgment rendered by a court lacking subject-matter jurisdiction is void ab initio." Coey v. Dave Gill Pontiac-GMC, Inc., 10th Dist. No. 04AP-432, 2005-Ohio-464, at ¶ 12, citing Patton v. Diemer
(1988), 35 Ohio St.3d 68, paragraph three of the syllabus. Consequently, the trial court's journal entries filed October 14, 2005, resentencing appellant in case numbers CR 03-02-0551 and CR 03-05-1398(A) are void ab initio.
 {¶ 8} This Court's finding that the trial court lacked jurisdiction to entertain appellant's motion for resentencing renders appellant's assignments of error moot. Therefore, we decline to address them. See App.R. 12(A)(1)(c).
 III. {¶ 9} The decisions of the trial court filed October 14, 2005, resentencing appellant in case numbers CR 03-02-0551 and CR 03-05-1398(A) are vacated. The trial court's entries regarding appellant's convictions and sentences in case numbers CR 03-02-0551 and CR 03-05-1398(A) which were filed prior to appellant's motion for resentencing have been appealed to and affirmed by this Court and remain in effect.
Judgments vacated.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Slaby, P.J., Whitmore, J., concur.